**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| KEN JOHANSEN, | : Case No. 2:17-cv-587 |
| | : |
| Plaintiff, | : Judge Graham |
| v. | : Magistrate Judge Deavers |
| | : |
| NATIONAL GAS & ELECTRIC, LLC, | : |
| | : **RULE 26(f) REPORT OF PARTIES** |
| Defendants. | : |

1. Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on <u>August 17, 2017</u> and was attended by:

    <u>Jonathan P. Misny,</u> counsel for <u>Plaintiff Ken Johansen</u>

    <u>Ben Williams,</u> counsel for <u>Defendant National Gas & Electric, LLC</u>

2. **Consent to Magistrate Judge.** The parties:

    \_\_\_\_ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.SC. §636(c).

    <u> XX </u> do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c).

3. **Initial Disclosures.** The parties:

    \_\_\_\_ have exchanged the initial disclosures required by Rule 26(a)(1)

    <u> XX </u> will exchange such disclosures by <u>September 15, 2017</u>

    \_\_\_\_ are exempt from such disclosures under Rule 26(a)(1)(E)

    \_\_\_\_ have agreed not to make initial disclosures

4. **Jurisdiction and Venue**

    a. Describe any contested issues relating to: (1) subject matter jurisdiction, (2) personal jurisdiction and/or (3) venue:

        <u>Defendants contend that this matter is subject to mandatory arbitration, including a class action waiver, and reserve the right to file a motion to compel arbitration in the near future. Defendant's participation in the</u>

submission of this joint report and agreements reflected herein, including the exchange of initial disclosures (Par. 3), is without prejudice to its right to file a motion for arbitration.

b. Describe the discovery, if any, that will be necessary to the resolution of issues relating to jurisdiction and venue:

Defendant does not believe discovery is necessary in order to file its motion to compel arbitration.

c. Recommended date for filing motions addressing jurisdiction and/or venue:

September 15, 2017

5. **Amendments to Pleadings and/or Joinder of Parties**

a. Recommended date for filing motions/stipulation to amend the pleadings or to add additional parties:

December 15, 2017

b. If class action, recommended date for filing motion to certify the class:

April 27, 2018

6. **Recommended Discovery Plan**

a. Describe the **subjects** on which discovery is to be sought and the nature and extent of discovery that each party will need:

The Plaintiff anticipates that discovery will be needed on the requisites of Fed.R.Civ.P. 23 as well as the merits of Plaintiff's claims, including records of the Defendant's calling campaign, as well as all alleged consent they obtained.  Furthermore, the Plaintiff will explore the Defendant's policies and practices for telemarketing compliance.

Defendant reserves the right to object to discovery pending resolution of its potential Motion to Compel Arbitration.

b. What **changes** should be made, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the local rules of this Court?

None at this time.

c.  The case presents the following issues relating to disclosure or discovery of **electronically stored information**, including the form or forms in which it should be produced:

   None.

d.  The case presents the following issues relating to claims of **privilege or of protection as trial preparation materials:**

   The parties are working on a joint protective order that will address these issues.

   i.  Have the parties agreed on a procedure to assert such claims **AFTER** production?

   _____ No

   _____ Yes

   \_\_XX\_\_ Yes, and the parties ask that the Court include their agreement in an Order.

e.  Identify the discovery, if any, that can be **deferred** pending settlement discussions and/or resolution of potentially dispositive motions:

   In order to have substantive settlement discussions, the Plaintiff will need to conduct discovery to identify the scope and membership of his proposed class.

   Defendant reserves the right to argue that discovery should be deferred pending resolution of its potential Motion to Compel Arbitration.

f.  The parties recommend that discovery should proceed in **phases**, as follows:

   The Plaintiff believes that one discovery period, where all Rule 23 issues are addressed as well as all merits issues required for trial will be efficient for the Court.

   To the extent discovery proceeds, Defendant agrees with Plaintiff that there is no need for bifurcated or phased discovery on Rule 23 and merits issues.

g.  Describe the areas in which **expert testimony** is expected and indicate whether each expert will be specially retained within the meaning of Fed.R.Civ.P. 26(a)(2):

    The Plaintiff anticipates that expert testimony may be needed on both class certification and merits issues.

    To the extent the case proceeds, Defendant agrees with Plaintiff.

    i. Recommended date for making **primary expert designations**:

    February 23, 2018

    ii. Recommended date for making **rebuttal expert designations**:

    March 23, 2018

  h. Recommended **discovery completion date**:

  April 27, 2018

7. **Dispositive Motion(s)**

  a. Recommended date for filing dispositive motions:

  Plaintiff: May 18, 2018
  Defendant: April 27, 2018

8. **Settlement Discussions**

  a. Has a settlement demand been made?  None  A response?  N/A

  b. Date by which a settlement demand can be made:

  April 27, 2018

  c. Date by which a response can be made:


9. **Settlement Week Referral**

The earliest Settlement Week referral reasonably likely to be productive is the:

 ____ March 20__ Settlement Week

 _XX_ June 2018 Settlement Week

 ____ September 20___ Settlement Week

____      December 20___ Settlement Week

10. **Other matters for the attention of the Court:**

None.

**Signatures**:

| Attorney for Plaintiff: | Attorney for Defendant: |
|---|---|
| **/s/ Brian K. Murphy** | **/s/ Ezra Church, per email auth. 8/29/17** |
| Brian K. Murphy (0070654), Trial Attorney | John L. Landolfi (0042208), Trial Attorney |
| Jonathan P. Misny (0090673) | Christopher C. Wager (0084324) |
| Murray Murphy Moul + Basil LLP | Vorys, Sater, Seymour & Pease LLP |
| 1114 Dublin Road | 52 East Gay Street |
| Columbus, OH 43215 | Columbus, OH 43215 |
| Telephone: 614.488.0400 | Telephone: 614.464.6400 |
| Facsimile: 614.488.0401 | Facsimile: 614.464.6350 |
| E-mail: murphy@mmmb.com | E-mail: jllandolfi@vorys.com |
|       misny@mmmb.com |       ccwager@vorys.com |
| | |
| Anthony Paronich (admitted *pro hac vice*) | Michelle Pector (*pro hac vice* to be filed) |
| Edward A. Broderick (admitted *pro hac vice*) | Ezra Church (*pro hac vice* to be filed) |
| Broderick & Paronich, P.C. | Ben Williams (*pro hac vice* to be filed) |
| 99 High Street, Suite 304 | Morgan, Lewis & Bockius LLP |
| Boston, MA 02110 | 1000 Louisiana, Suite 4000 |
| E-mail: anthony@broderick-law.com | Houston, TX 77002 |
|       ted@broderick-law.com | Telephone: 713.890.5455 |
| | Facsimile: 713.890.5000 |
| | E-mail: Michelle.pector@morganlewis.com |
| |       Ezra.church@morganlewis.com |
| |       Ben.williams@morganlewis.com |