# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

KEN JOHANSEN on behalf of himself
and others similarly situated,

       Plaintiff,

v.

NATIONAL GAS & ELECTRIC, LLC,

       Defendant.

Case No. 2:17-cv-00587

Judge:      James D. Graham
Mag. Judge:  Elizabeth Deavers

Class Action

## DEFENDANT NATIONAL GAS & ELECTRIC, LLC's OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

### INTRODUCTION

With National Gas's arbitration motion on file and pending before the Court, Plaintiff Ken Johansen now seeks to amend his original complaint to add a *new*, nonresident plaintiff who Johansen hopes can avoid arbitration. While Johansen's two-sentence motion offers no arguments to support why the Court should accept his proposed amendment, it appears his goal is to somehow keep his putative class action alive in this forum, even if the Court otherwise sends Johansen's current claim to an arbitrator, where it belongs.

If this is Plaintiff's strategy, it misconceives the proper sequence of matters before the Court. A motion to compel arbitration generally takes precedence over other matters, and "after [an arbitration motion] has been filed, the court must 'refrain from further action' until it determines arbitrability." *Silfee v. Automatic Data Processing, Inc.*, No. 16-cv-3725, 2017 WL 2544851 at *2 (3d Cir. 2017) (quoting *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004)) (further citation omitted). If this Court refers Johansen's claim to an arbitrator, that will leave nothing further for this Court to resolve, and Johansen's motion to

1

amend would then become moot. *See Federated Rural Elec. Ins. Co. v. Int'l Ins. Co.*, No. 94-cv-2460, 1995 WL 405288, at *2 (D. Kan. June 22, 1995) (denying as moot plaintiff's motion for leave to amend after finding its claims were subject to arbitration). Thus, the Court should not entertain Johansen's motion to amend, if at all, until it decides the arbitration issue.

In any event, for two reasons, Johansen's motion should be denied. *First*, the proposed amendment to add a new plaintiff, Jon Frey, would be futile, because the Court could not exercise personal jurisdiction over National Gas with respect to Frey's claim. *Second*, Johansen's proposed amendment is merely an obvious attempt to skirt the pending arbitration motion and to avoid a complete dismissal of his case. When a plaintiff seeks to amend his complaint just to avoid an adverse ruling on a pending dispositive motion, courts are free to, *and should*, reject the amendment.

Because the Court lacks personal jurisdiction over National Gas with respect to the new plaintiff's cause of action, and because Johansen and his lawyers plainly moved to amend in anticipation of an adverse ruling on the arbitration motion, the Court should deny the motion to amend the complaint.

## PROCEDURAL BACKGROUND

On September 25, 2017, National Gas moved to compel Johansen's single claim to arbitration, based on an arbitration provision in National Gas's Terms of Service, which Johansen agreed to when he enrolled in the company's electricity service plan. (*See* Def.'s Mot. to Compel Arb., ECF No. 21.) Fifteen days later, and apparently worried that the Court would indeed dismiss this action and send it to arbitration, Johansen moved to amend his complaint to add a Pennsylvania resident with no connection to Ohio, and whose purported cause of action has nothing to do with National Gas's activities in Ohio. (*See generally* Pl.'s Mot. to Amend, ECF No. 24 & 24-1.)

# ARGUMENT

**A.     Legal Standard for a Motion to Amend the Complaint**

After 21 days from the filing of a complaint, a plaintiff may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).[1] Although "the court should freely give leave [to amend] when justice so requires," district courts have discretion to deny leave where there has been undue delay, bad faith, or a dilatory motive on the movant's part; where the amendment will prejudice the opposing party; or where amending would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458–59 (6th Cir. 2013) (affirming denial of leave where plaintiff moved to amend "well after [defendant's] motion to dismiss," and where permitting the amendment would otherwise countenance plaintiff's "delay and bad faith," thereby prejudicing defendant); *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006) (affirming denial of leave to amend on futility grounds).

An amendment is futile if the complaint as amended would not "survive a motion to dismiss," including a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2). *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355–56 (6th Cir. 2014) (affirming denial of leave to amend where amendment would not withstand Rule 12(b)(2) motion); *see also*, *e.g.*, *Bar Grp., LLC v. Bus. Intelligence Advisors, Inc.*, 215 F. Supp. 3d 524, 562 (S.D. Tex. 2017) (denying as futile leave to amend where amendment would be subject to dismissal on personal jurisdiction grounds); *Barros v. Beck*, 28 F. Supp. 3d 31, 38 (D.D.C. 2014) (leave to amend complaint denied as futile for lack of personal jurisdiction).

The amendment Johansen proposes (1) is futile because the Court lacks personal

---

[1] National Gas does not consent to the proposed amendment for reasons explained here.

jurisdiction over National Gas as to Frey's claims, and (2) would unduly prejudice National Gas, given that its aim is merely to circumvent an adverse ruling on the already filed and pending arbitration motion. For both of these reasons, if the Court rules on Johansen's motion, it should deny it.

**B.     The Proposed Amendment is Futile Because It Would Be Subject to Dismissal for Lack of Personal Jurisdiction**

Plaintiff ultimately bears the burden of establishing personal jurisdiction and must make at least a prima facie showing that jurisdiction exists. *Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014); *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012). Plaintiffs must put forth with "reasonable particularity" specific facts demonstrating personal jurisdiction. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002); *Palnik v. Westlake Entm't, Inc.*, 344 F. App'x 249, 251, 253–54 (6th Cir. 2009) (affirming dismissal where "allegations contained in [plaintiff's] complaint" did "not support personal jurisdiction").

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014)). Unless Congress has provided otherwise, by statute or through the Federal Rules of Civil Procedure, personal jurisdiction—even in federal question cases—exists only "if the defendant is amenable to service of process under the forum state's long-arm statute ***and*** if the exercise of personal jurisdiction would not deny the defendant due process." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (internal quotation marks and alterations omitted; emphasis added); *Cmty. Tr. Bancorp, Inc. v. Cmty. Tr. Fin. Corp.*, 692 F.3d 469, 471 (6th Cir. 2012) (same); *Conn v. Zakharov*, 667 F.3d 705, 711–12 (6th Cir. 2012) ("[I]f jurisdiction is not proper under the Due Process Clause it is unnecessary

to analyze jurisdiction under the state long-arm statute, and vice-versa."); *Johansen v. HomeAdvisor, Inc.*, 218 F. Supp. 3d 577, 583, 587 (S.D. Ohio 2016) (in another case also involving Mr. Johansen and a TCPA claim against a different defendant, granting defendant's motion to dismiss for lack of personal jurisdiction).

### 1. Ohio's Long-Arm Statute Confers No Personal Jurisdiction Here

Ohio has authorized its courts to exercise personal jurisdiction over a defendant in nine enumerated circumstances, but only if plaintiff's claims also "aris[e] from such enumerated conduct."[2] *Field Aerospace, Inc. v. Boeing Co.*, No. 1:17-cv-379, 2017 WL 2688050, at *4 (S.D. Ohio June 22, 2017) (quoting *Conn*, 667 F.3d at 712); *Preferred RX, Inc. v. Am. Prescription Plan, Inc.*, 46 F.3d 535, 550 (6th Cir. 1995) ("Long-arm jurisdiction, unlike general jurisdiction, exists only as to causes of action arising out of the particular contacts on which jurisdiction is based."). "Thus, if a plaintiff does not allege that an out-of-state defendant's conduct ***in Ohio*** gave rise to the plaintiff's claims, this should be the end of our inquiry," and personal jurisdiction will not be found. *Field Aerospace, Inc.*, 2017 WL 2688050, at *4 (internal quotation and alteration omitted; emphasis added); *see also Conn*, 667 F.3d at 713.

Frey's TCPA claim does not "arise from" National Gas's activities or conduct in Ohio. Instead, Frey, a Pennsylvania resident, alleges that National Gas is a Texas entity, that

---

[2] The nine enumerated bases, paraphrased here, include causes of action arising from the defendant's: (1) transacting any business in Ohio; (2) contracting to supply services or goods in Ohio; (3) causing tortious injury by an act or omission in Ohio; (4) causing tortious injury by an act or omission outside Ohio; (5) causing injury in Ohio to any person by breach of warranty expressly or impliedly made in the sale of goods outside Ohio; (6) causing tortious injury in Ohio to any person by an act outside of Ohio committed with the purpose of injuring persons; (7) causing tortious injury to any person by a criminal act; (8) having an interest in, using, or possessing real property in Ohio; and (9) contracting to insure any person, property, or risk located within Ohio at the time of contracting. *Conn*, 667 F.3d at 712; Ohio Rev. Code Ann. § 2307.382(A).

National Gas purportedly made calls to Frey's home telephone number *in Pennsylvania*, and that the calls emanated from area code 609 (central New Jersey). (*See* Am. Compl. ¶¶ 6–7, 21–26, ECF No. 24-1.) Nothing in the proposed amended complaint suggests that Frey's cause of action stems from, for example, National Gas's transacting business *in Ohio*, any contracts to supply services *in Ohio*, or any tortious injury to Frey occurring *in Ohio*. On the contrary, Frey's cause of action concerns activities *in Pennsylvania*, where he resides. (*Id.*) None of the long-arm statute's nine bases for jurisdiction apply to Frey's proposed claim; therefore, this Court lacks personal jurisdiction over National Gas with respect to that claim. *See Conn*, 667 F.3d at 713 (no long-arm jurisdiction where plaintiff's suit was "not related to any of [defendant's] contacts with Ohio"). That ends the personal-jurisdiction inquiry. *Id.* ("[I]f jurisdiction is not proper under Ohio's long-arm statute[,] there is no need to perform a Due Process analysis because jurisdiction over the defendant cannot be found.").

### 2. Constitutional Due Process Would Likewise Prohibit an Ohio Court From Exercising Personal Jurisdiction

Even if Ohio's long-arm statute conferred personal jurisdiction here—and it does not—such jurisdiction would nevertheless remain lacking: Well established due process considerations prevent an Ohio court from constitutionally exercising personal jurisdiction over National Gas for Frey's claim. There are two kinds of personal jurisdiction: "(1) general personal jurisdiction, where the suit does ***not*** arise from defendant's contacts with the forum state; and (2) specific jurisdiction, where the suit ***does*** arise from the defendant's contacts with the forum state." *Id.* at 712–13 (emphasis added); *see also Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1779–80 (2017).

A court "with general jurisdiction may hear ***any claim*** against [the] defendant, even if all the incidents underlying the claim occurred in a different State. . . . [b]ut only ***a limited set***

of affiliations with a forum will render a defendant amenable to general jurisdiction in that State." *Bristol-Myers*, 137 S. Ct. at 1780 (emphasis added) (internal quotation marks and citation omitted).

Specific jurisdiction, on the other hand, requires that the suit "arise out of or relate to the defendant's contacts with the forum." *Id.* (internal quotation marks, alterations, and emphasis omitted). "In other words, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (internal quotation marks and alterations omitted).

Johansen's amended complaint demonstrates no basis for either general or specific personal jurisdiction.

### a. There is no general personal jurisdiction in Ohio because National Gas is not "at home" here

"[O]nly a ***limited set*** of affiliations with a forum will render a defendant amenable to [general] jurisdiction there." *Daimler*, 134 S. Ct. at 760 (emphasis added). For a corporation, general jurisdiction exists in the State of incorporation and in the State where it maintains its principal place of business. *Id.* Merely engaging in business activities within a state does not confer general jurisdiction. *Id.* at 761; *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (holding that "in-state business, [as] clarified in *Daimler* and *Goodyear*, does not suffice to permit the assertion of general jurisdiction over claims . . . that are unrelated to any activity occurring in [the forum state]"). Instead, "to justify suit . . . *on causes of action arising from dealings entirely distinct*" from a company's activities in the forum, the company's affiliations within the forum must be "so continuous and systematic as to render it essentially at home in the forum State." *Daimler*, 134 S. Ct. at 760 (internal quotation marks, alteration,

and citation omitted; emphasis in original); *see also Allstate Ins. Co. v. Electrolux Home Prods., Inc.*, No. 14-cv-329, 2014 WL 3615382, at *4 (N.D. Ohio July 18, 2014) (finding no general jurisdiction where defendant's state of incorporation and its principal place of business were not in Ohio; "[a]bsent a showing that [defendant's] operations in Ohio are more substantial than any other state in which it sells its products, this is not an exceptional case" warranting the exercise of general personal jurisdiction).[3]

As Johansen and Frey acknowledge, National Gas is a Texas corporation with its principal place of business in Houston, Texas. (Am. Compl. ¶ 7, ECF No. 24-1.) Thus, under *Daimler* and *BNSF Railway*, the Court could exercise general jurisdiction only in the limited circumstance where National Gas's Ohio affiliations were so pervasive as to render it at home in this State. Johansen and Frey do not—and cannot—allege that National Gas's Ohio affiliations present an "exceptional case" warranting general jurisdiction. There is consequently no question that the Court lacks general jurisdiction over National Gas for Frey's claim.

### b. There is no specific jurisdiction in Ohio because Frey's cause of action does not arise from National Gas's business activities in or directed to this State

Nor does the Court have specific personal jurisdiction over National Gas with respect to Frey's claim because his cause of action has no connection—*none*—to the company's activities in Ohio. The valid exercise of specific jurisdiction requires, among other things, that "the cause of action must arise from the defendant's activities" in the forum State. *Bird*, 289

---

[3] Since *Daimler*, the Supreme Court has reiterated—unequivocally—that it will be only the "exceptional case" where a corporate defendant will be found "at home" in a state that is neither its principal place of business nor its state of incorporation. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558–59 (2017) (holding that a Montana court could not exercise general jurisdiction over railroad company even though company had over 2,000 miles of railroad track and more than 2,000 employees in the State).

F.3d at 874 (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)); *Bristol-Myers*, 137 S. Ct. at 1782 (holding that a California court lacked specific personal jurisdiction over defendant with respect to nonresident plaintiffs' claims where "the conduct giving rise to the nonresidents' claims occurred" outside California). That is, personal jurisdiction complies with constitutional due process requirement only "if the cause of action has a ***substantial connection*** with the defendant's in-state activities." *Cmty. Tr. Bancorp*, 692 F.3d at 472 (internal quotation marks, alterations, and citation omitted; emphasis added). "The defendant's contacts with the forum state must relate to the ***operative facts*** and ***nature of the controversy***." *Id.* (emphasis added).

"It is not enough that there be some connection between the in-state activity and the cause of action—[the] connection must be *substantial*." *Id.* at 472–73. Put another way, a "causal connection" must exist between the defendant's in-state activities and the harm that allegedly flowed to the particular plaintiff. *Neogen Corp.*, 282 F.3d at 892; *Heinrichs v. Dunn*, No. 2:13-cv-00929, 2014 WL 3572404, at *7 (S.D. Ohio July 21, 2014) (finding no personal jurisdiction where plaintiff failed to allege any causal connection between defendant's contacts with Ohio and any harm flowing to plaintiff).

Where a defendant's in-state activities support personal jurisdiction over an *in-state* plaintiffs' claims, that alone is ***not*** enough to warrant also conferring personal jurisdiction over that defendant with respect to the same claims brought by *out-of-state* plaintiffs. *Bristol-Myers*, 137 S. Ct. at 1781. The *Bristol-Myers* case should instruct the Court's ruling here. In that case, over 600 plaintiffs sued a pharmaceutical company in a California state court, asserting a variety of claims based on injuries supposedly caused by one of the company's drugs. *Id.* at 1777. The group of plaintiffs consisted both of California and non-California

9

residents. Although the company did business in California, there was no basis for general jurisdiction there because neither the company's headquarters nor its principal place of business were in California. *Id.* at 1778. The Supreme Court held that California courts likewise did not have *specific* jurisdiction over the out-of-state plaintiff's claims because none of the company's activities in California gave rise to the causes of action asserted by the nonresident plaintiffs: they neither purchased nor took the drug in California, nor were they injured by the drug in California. *Id.* at 1777, 1781. "The mere fact that *other* [in-state] plaintiffs were prescribed, obtained, and ingested [the drug] in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the *nonresidents'* claims." *Id.* (emphasis added).

Here, Frey's proposed cause of action lacks any "substantial connection with [National Gas's] in-state activities." *Cmty. Tr. Bancorp*, 692 F.3d at 472. Nothing in the proposed complaint remotely suggests that any of National Gas's activity in Ohio caused any harm to Frey. That the court might have personal jurisdiction over National Gas with respect to *Johansen's* claim does ***not*** give it jurisdiction over Frey's. *See Bristol-Myers*, 137 S. Ct. at 1781; *Walden v. Fiore*, 134 S. Ct. 1115, 1123 (2014) (noting that "a defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction").

Simply put, there were no dealings between Frey and National Gas that implicate the kinds of minimum contacts that warrant the exercise of personal jurisdiction over Frey's cause of action. Frey is not an Ohio resident and does "not claim to have suffered harm in [Ohio]." *Bristol-Myers*, 137 S. Ct. at 1782. The Court should thus deny as futile Johansen's motion to amend the complaint. *See generally Hunter v. Deutsche Lufthansa AG*, 863 F. Supp. 2d 190, 202–03 (E.D.N.Y. 2012) (denying leave where proposed amendments would not "withstand a

motion to dismiss for lack of personal jurisdiction"); *Rounds v. Rea*, 947 F. Supp. 78, 86 (W.D.N.Y. 1996) (same); *Filtrexx Int'l, LLC v. Truelsen*, No. 5:12-cv-58, 2013 WL 587582, at *3 (N.D. Ohio Feb. 13, 2013) (denying amendment on futility grounds where it would not cure personal jurisdictional deficiencies).

C.     **Johansen's Brings His Motion Only to Avoid Dismissal**

Johansen asked to amend the complaint only after National Gas moved to compel arbitration. His motives are clear: he hopes to keep some sort of action alive in this Court even if his claim is sent to arbitration. Plaintiff revealed this goal in a recent filing, where he alleged—without any support—that "the new plaintiff, Jon Frey, is not subject to the same arbitration argument as Mr. Johansen." (*See* Pl.'s Opp'n to Mot. to Stay Discovery 9, ECF No. 26.)

But when a party moves to amend his complaint just to avoid an adverse ruling on a pending, potentially case-ending motion, the court should not allow the amendment. *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 459 (6th Cir. 2013); *Bauer v. City of Rossford*, No. 3:16-cv-722, 2017 WL 1179053, at *3 (N.D. Ohio Mar. 30, 2017) (noting that "the Sixth Circuit—on several occasions—has upheld a district court's decision to deny leave following dispositive motion practice"). To permit plaintiffs to change their complaints after defendants have moved to dismiss them risks substantial "prejudice [to] defendants who [then] have wasted time and expense attacking a hypothetical complaint." *Id.* It "would be prejudicial and [would] encourage delay" to permit a "party in its response to a defendant's motion to dismiss [to seek] leave to amend" just because the Court might otherwise grant the motion to dismiss and end the action. *United States ex rel. Kustom Prod., Inc. v. Hupp & Assocs., Inc.*, No. 2:15-cv-03101, 2017 WL 2021512, at *6 (S.D. Ohio May 12, 2017); *PI, Inc. v. Quality Prod., Inc.*, 907 F. Supp. 752, 765 (S.D.N.Y. 1995) ("The plaintiff's motion to amend its complaint is

denied because its timing demonstrates that it is clearly a dilatory tactic to avoid the dismissal of this action.").

Johansen's proposed amended complaint is but an attempt to circumvent his obligation to arbitrate his against National Gas. The Court should not countenance that sort of chicanery. To allow the amendment now would only "reward [Johansen] for [his] delay, and burden the court [and National Gas] by rendering useless the resources [they have] expended" so far in this litigation. *Corp. Relocation, Inc. v. Martin*, No. 3:06-cv-232, 2006 WL 4101944, at *6 (N.D. Tex. Sept. 12, 2006); *see also T.D. Williamson, Inc. v. Assoc. Engineers, India*, No. 13-cv-0223, 2013 WL 6628222, at *5 (N.D. Okla. Dec. 16, 2013) (denying amendment "due to bad faith," where plaintiff moved to amend only after defendant had moved to compel arbitration, and where plaintiff sought the amendment "for the purpose of avoiding arbitration").[4]

## CONCLUSION

The Court should deny Johansen's motion to amend his complaint to add a new, out-of-state plaintiff, whose cause of action has nothing to do with National Gas's activities in Ohio. Johansen has not, and cannot, show that the Court would have personal jurisdiction over National Gas for Frey's cause of action. The proposed amended complaint would consequently be subject to immediate dismissal under Rule 12(b)(2), and permitting the amendment would therefore be futile. And because Johansen sought to amend only after

---

[4] Additionally, bare-bones motions to amend should be denied where, as here, they fail to adequately state the grounds for the amendment. *See*, *e.g.*, *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999) (leave to amend denied where a "single sentence" requesting leave "lack[ed] a statement for the grounds for amendment"); *see also* S.D. Ohio Civ. R. 7.2(a)(1) (motions must "be accompanied by a memorandum" detailing the legal grounds for the motion and the authorities relied upon). Johansen's two-sentence motion to amend fails in this regard as well.

National Gas moved to compel arbitration, allowing the amendment would unduly prejudice National Gas. For these reasons, the Court should deny Johansen's motion to amend.

Dated: October 31, 2017

Respectfully submitted,

By: /s/ John L. Landolfi
John L. Landolfi (0042208), Trial Attorney
jllandolfi@vorys.com
Christopher Charles Wager (0084324)
ccwager@vorys.com
VORYS, SATER, SEYMOUR & PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel.: 614.464.6400
Fax: 614.464-6350

Michelle Pector
michelle.pector@morganlewis.com
Benjamin D. Williams
benjamin.williams@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002
Tel.: 713.890.5200
Fax: 713.890.5001

Ezra Dodd Church
ezra.church@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel.: 215.963.5000
Fax: 215.963.5001

*Attorneys for Defendant National Gas & Electric, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2017, I electronically filed the foregoing Motion to Stay Discovery and related documents with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Benjamin D. Williams*
Benjamin D. Williams